**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000802**
**26-JUL-2016**
**09:05 AM**

NO. CAAP-15-0000802

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JERRY M. HIATT, Plaintiff-Appellee,
v.
SHERMAN WILLIAMS, TIFFANY WILLIAMS and
KONA SUNSET POOLS & SPAS, LLC, a Domestic Limited
Liability Company, Defendants-Appellees,
and
CONTRACTORS LICENSE BOARD, Intervenor-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 15-1-068K)

ORDER DISMISSING THE APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal by Intervenor-Appellant Contractors License Board (**Appellant**) because the Circuit Court of the Third Circuit (**circuit court**)[1] has not reduced its dispositive rulings on substantive claims to a separate, appealable, final judgment,

---

[1] The Honorable Melvin H. Fujino presided.

as Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2015) and Rule 58 of the Hawai'i Rules of Civil Procedure (**HRCP**) require for an appeal from a civil circuit court case under the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Under Hawai'i law, "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" HRS § 641-1(a). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c) (1993). Rule 58 of the HRCP requires that "[e]very judgment shall be set forth on a separate document." "An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015).

The Hawai'i Supreme Court has further held that a final judgment in a case involving multiple claims or parties "(a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]" Jenkins, 76 Haw. at 119, 869 P.2d at 1338 (emphasis added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $_____ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so; for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119 n.4, 869 P.2d at 1338 n.4.

Furthermore, "an appeal from any judgment will be dismissed as premature if the judgment does not, *on its face*, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawai'i at 119, 869 at 1338. When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted:

> If we do not require a judgment that resolves *on its face* all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

This case involves multiple claims: Counts I (Breach of Contract) and II (Intentional Misrepresentation or Fraud) in Plaintiff-Appellee Jerry H. Hiatt's (**Hiatt Appellee's**) February 24, 2015 Complaint and the claim Hiatt Appellee asserts in the May 12, 2015 "[Hiatt Appellee's] Verified Claim Against All Defendants." Although the Final Amended Judgment appears to enter judgment in favor of Hiatt Appellee and against Williams Appellees in the amount of $30,361, in favor of Hiatt Appellee and against Appellant in the amount of $12,500, and in favor of Appellant and against Hiatt Appellee in that Appellee Hiatt must assign his right to $12,5000 of the principal judgment amount to

Appellant in exchange for the CRF payment, the Final Amended Judgment does not specifically identify the claim or claims on which the circuit court intends to enter judgment.

The Final Amended Judgment's failure to specifically identify the claims for and against whom judgment is being entered is not cured by its statement that "this Amended Final Judgment resolves all claims of all parties in this case." Because the Amended Final Judgment fails to specifically identify the claim or claims on which the court intends to enter judgment, it does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58, and the holding in Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. Absent an appealable, final judgment, this court lacks jurisdiction over the appeal.

Therefore, IT IS HEREBY ORDERED that Appellate No. CAAP-15-0000802 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, July 26, 2016.


Presiding Judge


Associate Judge


Associate Judge

-4-